# Order

Michigan Supreme Court
Lansing, Michigan

October 20, 2006

131053

VILLAGE OF OXFORD,
        Plaintiff-Appellant,

v

NATHAN GROVE FAMILY, LLC,
        Defendant-Appellee,

and

OXFORD BANK and CAPAC STATE
SAVINGS BANK, JOAN WECKLE, and
DAVID WECKLE,
        Defendants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131053
COA: 258060
Oakland CC: 02-042244-CC

On order of the Court, the application for leave to appeal the February 14, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court for further proceedings consistent with this order.

Here, the plaintiff adopted a resolution declaring a need for free public parking. MCL 213.56(1) permits a property owner to "challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint." While the statute permits judicial review of the necessity of acquiring all or part of the property for the purposes stated in the complaint, it does not permit judicial review of the purposes stated in the complaint.

As this Court recognized over thirty years ago in *State Highway Commission v Vanderkloot*, 392 Mich 159, 176 (1974):

> There can be no judicial review of the decision to make such an "improvement." But the determination of the property on which such "improvement" is made is subject to judicial review for "fraud or abuse of discretion."

By independently reconsidering the Village's decision that the public parking had to be free of charge, the Court of Appeals and circuit court erroneously reviewed the wisdom of the plaintiff's decision to make the improvement, rather than review the necessity of acquiring the defendant's property to accomplish the improvement.

Accordingly, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court for further proceedings consistent with this order.

We do not retain jurisdiction.

CAVANAGH and KELLY, JJ., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2006

_____
Clerk

d10017